# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 31, 2012

No. 11-51133
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EVERARDO AGUILAR-ORTIZ,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-411-2

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Everardo Aguilar-Ortiz was convicted by a jury of conspiracy to transport illegal aliens and illegal transportation of aliens for commercial advantage or private financial gain. Aguilar-Ortiz argues that his within-guidelines sentence is unreasonable in that it was greater than necessary to accomplish the goals of sentencing set forth in 18 U.S.C. § 3553(a). Relying on *Kimbrough v. United States*, 552 U.S. 85, 109 (2007), Aguilar-Ortiz contends that U.S.S.G. § 2L1.1 is flawed and not based on "'empirical data and national experience.'" As such, he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that his within-guidelines sentence should not be afforded the presumption of reasonableness.  He also contends that the flawed Guideline overstates the seriousness of his offense because "it does not equally apportion the number of unlawful aliens, smuggled, transported, or harbored and as a result effectively punishes one for not smuggling, transporting, or harboring more aliens."  Aguilar-Ortiz also argues that the Guidelines do not take into consideration his history and personal characteristics.

Aguilar-Ortiz recognizes that *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009), forecloses his argument that because the Guideline is not empirically grounded, the presumption of reasonableness should not be applied to a sentence calculated under § 2L1.1.  Aguilar-Ortiz further recognizes that because he did not object to the reasonableness of his sentence before the district court, this court reviews his argument under the plain error standard.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007); *Puckett v. United States*, 556 U.S. 129, 135 (2009).

The district court expressly stated that it had also considered the § 3553(a) factors and found "that a fair and reasonable sentence can be achieved with a sentence selected from within the advisory range."  Aguilar-Ortiz does not offer any specific argument that the district court considered any irrelevant or improper factors, that it made an error in judgment in weighing the § 3553(a) factors, or that it did not account for a factor that should receive significant weight.  Given the deference owed to the district court's sentence determination, *see Gall v. United States,* 552 U.S. 38, 51-52 (2007), his conclusional assertion that his sentence is unreasonable in light of the § 3553(a) factors is insufficient to establish plain error and to rebut the presumption that the sentence is reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).  The district court's judgment is AFFIRMED.